* See *Cook* v. *Jones, Cowp,* 727–8.—Reporters.

---

## GEORGE B. PORTER, Esq. *against* THE COMMONWEALTH OF PENNSYLVANIA.

The account of a Prothonotary being settled by the accountant officers of the State, to which he files his objections in writing, and takes an appeal to the Common Pleas, upon the trial of the cause he cannot give evidence to support other objections than those made at the time of appeal.

Upon the settlement of such account of a Prothonotary out of office, the accountant officer is not confined to the settlement of items embraced, as to date, within the fiscal year.

APPEAL from the Circuit Court of Dauphin county, held by Justice HUSTON.

The defendant,. *George B. Porter,* Esq. was prothonotary of the county of Lancaster, from April, 1818, until February, 1821, when he resigned, and during that time,. it was admitted he received fifteen hundred dollars *per annum.*

On the 12th June, 1822, the Auditor General, by a circular letter, called upon the defendant to settle an account of the fees of office received by him,. as prothonotary of the Common Pleas and District Court, after he went out of office, to wit, from February, 1821, till the 1st July 1822. In pursuance of this call, the defendant, on the 17th July, 1822, furnished an account of the fees received by him from his successor in office, and others, amounting to nineteen hundred and sixty-five dollars and twenty cents. In April, 1824, the Auditor General and State Treasurer settled the following account:

(George B. Porter, Esq. *v.* the Commonwealth of Pennsylvania.)

DR.   *George B. Porter,* Esq. late prothonotary, &c. of Lancaster county.   To the commonwealth, in account for surplus fees of office:

| | |
|---|---:|
| To fees received from the time he resigned until the 1st July, 1822, per his return on oath, | $1965 20 |
| Deduct, for error made by him, | 75 91 |
| | 1889 29 |
| 1822, November 2d, received of *F. A. Muhlenburg,* Esq. prothonotary, per receipt filed, | 368 32 |
| | 2257 61 |
| Deduct 50 per cent. thereof, to which he is entitled, agreeably to act of 24th March, 1818, | 1128 80½ |
| Tax due commonwealth, | $1128 80½ |

Settled and entered,                 *James Duncan,*
                Auditor General's office, 29th April, 1824.
Approved and entered,                 *Wm. Clarke,*
                Treasurer's office, 29th April, 1824.

From the settlement of this account the defendant entered an appeal to the court of Common Pleas, on the 8th July, 1824, and specified the following objections thereto.

" That the taxation is illegal and improper.   The law directs accounts of this kind to be furnished annually to the Auditor General; and the year is to commence and be computed from the first day of October, the account is then to be settled accordingly by the Auditor General; and whenever the amount of such account exceeds the sum of fifteen hundred dollars, the officer shall be charged with fifty per cent. on the amount of such excess, to be paid by him into the Treasury, for the use of the Commonwealth.   Whereas the above mentioned settlement is not on an account furnished, nor is the time for which the same is intended as a settlement, stated or known to defendant.   It appears to be from 5th February, 1821, to April, 1824.   One half of all the fees stated, is charged against the defendant as due to the commonwealth, although the only authority given to the accountant officers to tax an account of this kind is where the fees, in one year, exceed the sum of fifteen hundred dollars.   The defendant claims to be allowed fifteen hundred dollars each year clear of tax, and of the excess he is willing to pay fifty per cent. into the treasury for the use of the commonwealth.

" *G. B. Porter.*

" July 8th, 1824.
" To *David Mann,* Esq. Auditor General of the Commonwealth of Pennsylvania."

(George B. Porter, Esq. v. the Commonwealth of Pennsylvania.)

The appeal was filed in the Common Pleas, together with the objections.

In 1826, a declaration in *assumpsit*, for money had and received, was filed; to which the defendant then put in the pleas of *non assumpsit*, and payment with leave, &c, when the cause was certified into the circuit court. On the trial, after the plaintiff had given in evidence the accounts and settlement, as before stated, and rested, the defendant offered in evidence the depositions of *John Mathiot* and *Christian Bachman*, Esquires, which were objected to by the plaintiff and overruled by the Court. The defendant then offered to put in the following plea, which contains the substance of the depositions which had been rejected.

"That on the 12th June, 1822, he was called upon by *James Duncan*, Esq. Auditor General, to render an account upon oath or affirmation, of all fees of office which had been received by him since his resignation or removal, up to the first day of July, 1822: and that he rendered an account in pursuance of this call; the total fees received and returned in said account as corrected, being one thousand eight hundred and eighty-nine dollars and twenty-nine cents: that by an error in the settlement of the amount of fees due by *John Mathiot*, late sheriff, to the defendant, he returned in the said account to the Auditor General, fifty-seven dollars and eight cents, which were not Prothonotary's fees, or due to the defendant, and which have been refunded to the said *John Mathiot*, Esq. And that of the fees so received, and of which an account was rendered to the Auditor General, after deducting the said error of fifty-seven dollars and eight cents, the sum of one hundred and fifty dollars and twenty-seven cents, was fees received in the District Court for the city and county of Lancaster: and that of the sum of three hundred and sixty-eight dollars and thirty-two cents, stated in the claim of plaintiff to have been received by defendant on the 2d November, 1822, the sum of forty-nine dollars fifty-two and a half cents, was fees received in the District Court for the city and county of Lancaster, and which the defendant is not liable to account for, and never assumed to pay. All which he is ready to verify, &c."

The court refused to receive the plea.

The defendant requested the court to charge the jury on the following points of law.

1. That by the existing laws in relation to settling the accounts of those who had held the office of Prothonotary, the Auditor General has power to call on such persons, and compel them to account upon oath or affirmation; but that he must proceed agreeably to the provisions of the act of 10th March, 1810, and must make settlement of the account for each year, ending on the first day of October, and in such settlement can include nothing more than the account for one year: or if he has power to settle the accounts for

(George B. Porter, Esq. *v.* the Commonwealth of Pennsylvania.)

more than one year at one time, such accounts must be settled separately, and the amount for each year, ending on the first October, be kept distinct. That as the Auditor General undertook to call upon the defendant, by letter of the 12th June, 1822, for an account of all fees of office, which had been received by him after his resignation, up to the 1st July, 1822, and defendant rendered an account accordingly; the accountant officers had no right to include in the settlement of the same, the amount of fees which were received in the subsequent year, viz. after 1st October, 1822.

2. That the settlement of the account of defendant as made by the Auditor General and State Treasurer, on the 29th April, 1824, is illegal and improper. No power being given, by law, to the Auditor General to call upon the defendant to render an account of fees received, during the year that would end on the 1st October, 1822, until after the expiration of this year. That even if he had such power, he had no right to include in the settlement of the account, when rendered, any sum paid to the defendant by his successor in office, after the first day of October, 1822; nor had he a right to include in such settlement, fees received for services rendered, while defendant acted as Prothonotary of the District Court for the city and county of Lancaster, in said court.

The court answered these points in the negative; when a verdict was rendered for the plaintiff; which the defendant moved the court to set aside, and grant a new trial for the following reasons:

1. Because the court erred, in rejecting the depositions of *Christian Bachman* and *John Mathiot,* offered in evidence on behalf of the defendant.

2. Because the court erred, in not permitting the defendant to plead the matters as contained in his special plea this day filed.

3. Because the court misdirected the jury, in their charge and answers to the points proposed on behalf of the defendant.

The court overruled the motion, and entered judgment on the verdict; from which the defendant appealed.

*Montgomery,* for appellant, cited the act for erecting the Controller General's office, 2 *Smith's Laws,* 19. Act of 18th February, 1785, 3 *Carey & Bioren,* 9—allowing to accountants a trial by jury, and the general issue to be pleaded; act of 17th March, 1809, *Penn. Laws,* 71, Auditor General appointed to perform the duties of the Controller General; act of 30th March, 1811, *Purd. Dig.* 690, directing the mode of settling the accounts of public officers. By the act of assembly the fiscal year commences on the 1st of October, and the officer is to account annually; the fees are not due to the commonwealth until the end of the year. The Auditor General having therefore called upon the officer to account, and an account having been furnished, the accountant officers had no power upon the settlement of that account, to include the receipt of *F. A.*

(George B. Porter, Esq. *v.* the Commonwealth of Pennsylvania.)

*Muhlenburg*, Esq. for three hundred and sixty-eight dollars and thirty-two cents, dated 2d November, 1822, not within that fiscal year; and they include it too, without any notice to Mr. *Porter*, or opportunity to contest its correctness.

The defendant is made liable to account, under the act of 1810, consequently he cannot be charged with fees received out of office; that could be done only under the act of 1818. The evidence contained in the depositions which were rejected, was strictly admissable under the general issue, 4 *Yeates*, 349. 2 *Burr*, 1019. 3 *Burr*, 1353. 5 *Serg. & Rawle*, 396. 6 *Serg. & Rawle*, 76. 11 *Johns*. 531. 13 *Johns*. 56. 15 *Johns*. 230. 4 *Yeates*, 366.

Amendments of the pleading on the trial are mandatory, and not discretionary, there was therefore error in refusing the defendant permission to alter his pleas, 13 *Serg. & Rawle*, 444. 6 *Bin*. 88. 4 *Yeates*, 507. 8 *Serg. & Rawle*, 498. 10 *Serg. & Rawle*, 192. 11 *Serg. & Rawle*, 101. 16 *Serg. Rawle*, 117. 5 *Bin*. 53. 8 *Serg. & Rawle*, 286. 6 *Serg. & Rawle*, 295.

*Douglas*, Attorney General, submitted the cause for the state, without argument.

The opinion of the court was delivered by

GIBSON, C. J.—The act of the 30th March, 1811, requires an appeal from the Auditor General to be accompanied with a specification of the appellant's exceptions, and doubtless to indicate the very points to be determined by the court. As there is no reason to appeal in respect of points that are admitted, it would be flagrantly unjust to permit the accountant to hold in reserve any thing that might have been allowed, had it been urged at the settlement, and thus subject the commonwealth to expense, and her officers to vexation without just cause. The exceptions contained in the defendant's specification are not stated with precision, but they appear to be: 1. That the settlement was not on an account *furnished*. This appears not to have been pressed at the trial. 2. That it includes a period of more than one year. 3. That half of all the fees received in the whole period are charged, instead of the excess above fifteen hundred dollars, in any one fiscal year. These, therefore, are the only points which the court was competent to hear and determine.

At the trial, the defendant offered evidence of various other matters, which was rejected for want of notice, under the rule which requires a specification of special matters, before it can be received, under a general issue plea, on which he prayed for leave to plead the same matters specially, which was refused. It is unnecessary to enquire into the competency of these matters, on either of the grounds on which it was offered, as the fact that it is not included in the exceptions taken before the Auditor General, furnishes an insuperable objection to it on any ground. Perhaps the only ex-

ception legitimately urged at the trial, is that the account embraces a period of considerably more than a year. But whatever the law may be in relation to the accounts of persons actually in office, the act of the 24th March, 1818, requires the Auditor General to settle the accounts of retired or displaced officers "from time to time." Why the case of the defendant, whose appointment to the office, was subsequent to the passing of this act, should not be embraced by it, we are at a loss to discover. We therefore see no reason to disturb the verdict.

Judgment affirmed.